**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 24, 2007[*]
Decided September 25, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-1049

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04-CR-1012-1 |
| KRZYSTOF STOJKOWSKI, *Defendant-Appellant.* | James B. Zagel, *Judge.* |

**O R D E R**

Krzystof Stojkowski pleaded guilty to bank fraud, *see* 18 U.S.C. § 1344, and the district court imposed a below-guidelines sentence of 96 months' imprisonment. Stojkowski appeals and contends only that the district court violated the *ex post facto* clause by determining his guidelines range using the Sentencing Guidelines Manual in effect at the time of sentencing, not the manual in effect during the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

commission of his offense.  Had the parties used the latter manual, he argues, his total offense level would be reduced by one.  Stojkowski acknowledges that this contention contravenes current precedent, and that he raises the issue strictly to preserve it for further review.  *See United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006), *cert denied*, 127 S.Ct 3055 (2007)  (holding *ex post facto* clause inapplicable to sentencing guidelines).

Accordingly, the judgment of the district court is **AFFIRMED**.